■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT RUBERTO, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered May 10, 1960, convicting him, after a jury trial, of grand larceny in the first degree, and sentencing him to serve a term of 2½ to 5 years. Judgment affirmed. Defendant was employed by a trucking firm as a driver of tractor-trailers. At about 1:30 A.M., on a Monday, September 16, 1957, he was assigned by the firm's dispatcher to drive such a vehicle, containing a load of meat, from Manhattan to a certain consignee in Jamaica, Queens. The vehicle and its contents were stolen and never reached the consignee. Instead, it was brought to a certain butcher shop in the downtown area of Brooklyn, and more than half the meat was taken from the vehicle and brought into that shop. The manager of the shop identified defendant as

having been with the vehicle when it arrived there. Defendant has admitted the falsity of his first explanation as to what happened, such explanation having been given to police officers about an hour and a half after he was supposed to start driving the vehicle to Queens. In that explanation he stated that he had driven the vehicle to a place in Queens just beyond the border of Brooklyn, had parked it on the street there and gone into a bar and grill, and had found the vehicle gone when he came out to the street again after a few minutes. He telephoned to the police from the bar and grill and, within a few minutes, the police came to him. His admission of the falsity of that version was made on the following evening when he was told his story could not be true because the police had evidence that, at the very time he said he had parked the vehicle at a place in Queens, it was being unloaded at a place in Brooklyn which was several miles from the place in Queens. The next day defendant gave to a Federal agent another version, namely: that he (defendant) had never started to drive the vehicle from Manhattan, and that as he approached the vehicle there he had been kidnapped by a lone man with a gun and driven in a car by that man to a place near the said bar and grill in Queens, where the man let him go free. Defendant adhered to his second version in his testimony at the trial. Under all the facts and circumstances of the case, the finding by the jury that the second version was also false had ample justification. Because of the propriety of that finding we believe the proof of guilt to be palpable and that, under section 542 of the Code of Criminal Procedure, the prosecutor's improper remarks in his summation — we find only two such remarks — do not preclude affirmance. The first of these improper remarks was a statement, in effect, that the prosecutor himself believed what he was asking the jury to believe. The second was that "we knew he [defendant] was in on this." On the occasion of the second remark, the trial court admonished the prosecutor, and the latter replied he had not meant to draw an inference that he knew something outside the evidence. Defendant's trial counsel did not move for a mistrial on the occasion of such first remark and, although he made such motion following the second remark, he did not press it after the court's above-mentioned admonishment to the prosecutor and the latter's above-mentioned explanation. Further, defendant's trial counsel did not ask the court for an instruction to the jury to disregard the remarks. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.